The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Does the State Agency for Surplus Property have the authority to recall donated property after more than the one year period in which donees must comply with Federal Property Management Regulations (FPMR) 101-44.202(c) 4 and 44.208(a) 2, where such recall would be based on other use restrictions promulgated by the General Services Administration ? As background for your request, you state that certain M 151 jeep parts, surplus federal property donated through your agency, are being reassembled by donees as M 151 jeeps, contrary to use restrictions imposed on the transfer by the General Services Administration (GSA), as they are hazardous when so reassembled. The GSA has directed that you recall these items from the donees and remutilate them, so as to comply with said restrictions. Your concern is about your authority to do so after the time period set out in the cited regulations above for compliance with regard to the purpose of the donation, which regulation provides for return of property if it is not put to proper use or not used at all. The restrictions as to reassembly are promulgated under Title 41 FPMR 101-44.208 (a) 4 and 5: "(a) Distribution document. Donation of surplus personal property shall be accomplished by the use of a State agency distribution document which shall include the: . . . "(4) Terms, conditions, reservations, or restrictions imposed on any other donated item by the State agency; "(5) Conditions imposed by GSA, if any, requiring special handling or use limitations on donated property; . . ." These restrictions are in turn authorized by Title 41 FPMR 101-44.202(c) 6: "(6) Terms and conditions on donable property. The State plan shall require the State agency to impose terms, conditions, reservations, and restrictions on the donee in the case of any item of property having a unit acquisition cost of $3,000 or more and any passenger motor vehicle. The specific terms, conditions, reservations, and restrictions which the State agency requires shall be set forth in the plan. In addition, the State plan shall provide that the State agency may impose reasonable terms, conditions, reservations, and restrictions on the use of donable property other than items with a unit acquisition cost of $3,000 or more and passenger motor vehicles. Any such terms, conditions, reservations, and restrictions which the State agency elects to impose should be set forth in the plan. The State agency may amend, modify, or release such terms, conditions, reservations, or restrictions subject to the provisions of 101-44.208(g) provided it sets forth in the plan the standards by which the State agency will grant any such amendments, modifications, or releases. The State plan also shall provide assurance that the State agency will impose on the donation of a surplus item or items, regardless of unit acquisition cost, such conditions involving special handling or use limitations as the Administrator (GSA) may determine necessary because of the characteristics of the property, pursuant to 101-44.108." With regard to these restrictions, Part VI of the Plan of Operation for the Oklahoma State Agency for Surplus Property states in relevant part: "The State Agency will, regardless of unit acquisition cost, impose such conditions involving special handling or use limitations as the GSA Administrator may determine necessary because of the characteristics of the property, pursuant to FPMR 101-44.108, and any other restrictions deemed necessary by the State Agency." The purpose compliance sections of the above cited documents, however, seem to be concerned with an issue different from use restrictions, mainly that the property be used for the purposes, usually educational, for which it is donated. Title 41 FPMR 101-44.202(c) 4 provides: "Return of donated property. The State plan shall require the State agency, and shall set forth appropriate procedures therefor, sic to provide for the return of donable property to the State agency for further distribution if such property while still usable, as determined by the State agency, has not been placed in use for the purposes for which it was donated within 1 year of donation or ceases to be used by the donee for such purposes within 1 year of being placed in use." The Plan of Operation for the Oklahoma State Agency for Surplus Property, Part IV provides: "The donee shall be required to advise the State Agency of any item of donated property that has not been placed in use by the donee for the purposes for which it was donated within one year of donation, or ceases to be used by the donee for such purposes within one year of being placed in use. "The State Agency shall require the donee, for such items as the State Agency considers to be still usable, to return the property to the State Agency at the donee's expense; to make the property available for retransfer to another donee, State Agency, or Federal Agency; or, to see or otherwise dispose of the property as the State Agency may direct." A plain reading of the above quoted sections indicates a vital difference between the imposition of restrictions and compliance therewith, and the compliance provisions with regard to the purpose of the donation. Therefore, the one year time period as to the purpose provision will not apply to other restrictions, which are essentially contractual in nature and run with the property. However, as to any property donated prior to October 17, 1977, the effective date of P.L. 94-519, the restrictions on said property have lapsed, since P.L.94-519 and the ensuing regulations abrogated and repealed P.L. 93-423 and the regulations and restrictions imposed by the Department of Health, Education and Welfare, the former Federal Administrator of the program. Therefore, it is the official opinion of the Attorney General that the State Agency for Surplus Property does have the authority to recall donated property after more than the one year period in which donees must comply with 41 Federal Property Management Regulations 101-44.202(c) 4 and 44.208(a) 2, where such recall is based on other use restrictions promulgated by the General Services Administration, except for property donated before October 17, 1977. (WILLIAM W. GORDEN, JR.) (ksg)